IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 07–cv–01328–EWN–BNB

AMBER HARRIS,

    Plaintiff,

v.

ANDERSON, CRENSHAW &
ASSOCIATES, LLC, a Texas limited
liability company,

    Defendant.

---

# ORDER AND MEMORANDUM OF DECISION

---

This is a case arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff Amber Harris alleges that Defendant Anderson, Crenshaw & Associates, LLC, violated the FDCPA by repeatedly calling her at work and harassing her in an effort to collect a debt. Defendant counterclaims for breach of contract. This matter is before the court on "Defendant's Motion for Summary Judgment," filed January 23, 2008. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1367.

## FACTUAL AND PROCEDURAL BACKGROUND

Sometime prior to December 2006, Plaintiff incurred a debt to Apex Alarms (hereinafter "Apex"), a company which provides alarm monitoring services and equipment. (*See* Def.'s Mot. for Summ. J. [hereinafter "Def.'s Br."], Statement of Undisputed Material Facts [hereinafter

"SOF"] ¶ A [filed Jan. 23, 2008]; Def.'s First Am. Answer and Affirmative Defenses to Pl.'s Compl. and Countercl. ¶ 50 [filed Nov. 16, 2007] [hereinafter "Answer"].)[1] Plaintiff defaulted on her debt to Apex, and her account was assigned to Defendant for collection. (*See* Def.'s Br., SOF ¶¶ B–C; *see also* Compl. and Jury Demand ¶¶ 11–12 [filed June 22, 2007] [hereinafter "Compl."].) Defendant is a debt collection agency licensed by the state of Colorado. (*See* Compl. ¶¶ 7–8; *admitted at* Answer ¶¶ 7–8.) Defendant's President and Chief Executive Officer, Thomas Backal, contends that Apex "also assigned to [Defendant] the right to file a claim, counterclaim or lawsuit against Plaintiff to collect the amount due and owing," and affies that Plaintiff's debt to Apex amounts to $439.89. (*See* Def.'s Br., Ex. 4 ¶¶ 5–6 [Backal Decl.].)

From January to April 2007, according to Plaintiff's complaint, Defendant repeatedly called her at her place of employment and attempted to collect her debt. (*See* Compl. ¶¶ 13–14.) Plaintiff allegedly told Defendant that such calls were not allowed by her employer. (*Id.* ¶ 14.) During these calls, Defendant also allegedly threatened that it would continue calling Plaintiff "at

---

[1]Both parties ignored the strictures of this court's practice standards in organizing their briefs and responding to each other's facts and arguments, and each thereupon petulantly accused the other of committing her/its own sins. (*See, e.g.*, Pl.'s Resp. to Def.'s Mot. for Summ. J. and Pl.'s Request for Sanctions at 8 [filed Feb. 12, 2008] [hereinafter "Pl.'s Resp."] [correctly charging that Defendant improperly included legal arguments in its statement of undisputed material facts]; Def.'s Reply to Pl.'s Resp. to Def.'s Mot. For Summ. J. and Resp. to Mot. for Sanctions at 1 [filed Feb. 25, 2008] [hereinafter "Def.'s Reply"] [correctly charging that Plaintiff failed to admit or deny the facts asserted in Defendant's own noncomplying statement of undisputed material facts]; *see also generally* Practice Standards — Civil: Special Instructions Concerning Motions for Summary Judgment [laying out clear and simple instructions governing factual issues in motions for summary judgment submitted to this court].) I admonish the parties for ignoring this court's practice standards, but rather than strike their briefs and force them to try again, have decided to address their legal arguments on their merits.

work all day, every day" until she had paid her debt.  (*Id.* ¶ 15.)  Defendant denies the bulk of these allegations, but variously acknowledges that: (1) "the parties placed calls to each other at certain times;" and (2) "[d]uring the course and scope of its business, Defendant contacted Plaintiff regarding her financial obligations."  (*See* Answer ¶¶ 13–15; Def.'s Br., SOF ¶ D.)

On June 22, 2007, Plaintiff filed a complaint in this court, alleging that Defendant's debt collection practices violated the FDCPA.  (*See* Compl. ¶¶ 27–30.)  Plaintiff demanded: (1) statutory damages up to $1,000; (2) attorney's fees and costs; and (3) actual damages for her "economic loss, loss of self-esteem and peace of mind . . . [and] emotional distress, humiliation and embarrassment."  (*Id.* ¶¶ 23, 30.)  At some point during discovery, Plaintiff apparently apprised Defendant that her actual damages totaled $25,000.  (*See* Def.'s Br., Ex. 3 at 11 [Harris Dep.].)  On October 22, 2007, Defendant allegedly extended a settlement offer of $1,001 plus attorney's fees and costs to Plaintiff.  (*See id.*, SOF ¶ G.)  Plaintiff refused.  (*See id.*, SOF ¶ H.)

On November 16, 2007, Defendant filed an amended answer to Plaintiff's complaint, asserting a breach of contract counterclaim against her.  (*See* Answer ¶¶ 52–57.)  On January 23, 2008, Defendant filed the instant motion, arguing that it was entitled to summary judgment: (1) on Plaintiff's FDCPA claim because she could not prove damages; and (2) on its own breach of contract counterclaim because Plaintiff had acknowledged her debt to Apex.  (*See* Def.'s Br. at 8–21.)  On February 12, 2008, Plaintiff responded, and separately moved for sanctions against Defendant for its alleged incorporation of "inappropriate and extraneous matters" into its motion.[2]

---

[2]Specifically, Plaintiff objected to Defendant's suggestion that her alleged actual damages were suspect because her counsel had filed over 350 FDCPA cases in this court alleging identical

(*See* Pl.'s Resp. at 7.) On February 25, 2008, Defendant replied. (*See* Def.'s Reply.) This matter is fully briefed and ripe for review.

**ANALYSIS**

*1.     Legal Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2008); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e)(2) (2008). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the

---

damages suffered by different plaintiffs. (*See* Pl.'s Resp. at 7; *see also* Def.'s Br. at 14–17.) I decline to consider Plaintiff's motion as it was not properly filed. *See* D.C.COLO.LCivR 7.1(c) (2008) (stating that "a motion shall not be included in a response or reply to the original motion").

nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

## *2.  Evaluation*

Defendant argues that it is entitled to summary judgement on Plaintiff's FDCPA claim and its own breach of contract counterclaim. I assess each argument in turn.

### *a.  Plaintiff's FDCPA Claim*

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e) (2006). Amongst the various debt collection practices forbidden by the FDCPA are: (1) communications with a debtor at his or her place of employment when the debt collector knows that such communications are prohibited by the debtor's employer; and (2) harassing, oppressive, or abusive debt collection practices. *See id.* §§ 1692c–1692d.

The civil liability section of the FDCPA provides in relevant part that:

[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of . . .

any actual damage sustained by such person as a result of such failure[, and] . . . such additional damages as the court may allow, but not exceeding $1,000[.]

*Id*. § 1692k(a)(1)–(2)(A).

In the instant case, Defendant claims that Plaintiff cannot prevail on her FDCPA claim because she cannot prove damages. (*See* Def.'s Br. at 10–20.) Specifically, Defendant contends that: (1) Plaintiff suffered no emotional distress; (2) cannot show that any emotional distress she *did* suffer was proximately caused by its allegedly illegal practices; and (3) her claim for statutory damages is moot because she refused an offer of settlement. (*See id*.) Because Defendant may only prevail by proving Plaintiff's inability to recover *both* actual *and* statutory damages, I need only address Defendant's third argument.

With respect to statutory damages, Defendant asserts that Plaintiff's claim is moot because she refused a settlement offer of $1001 plus costs and attorney's fees. (*See id*. at 18–20.) Through some inscrutable logic, Defendant maintains that such refusal eliminated a justiciable case or controversy in this matter, and consequently divested this court of subject matter jurisdiction over Plaintiff's claim. (*See id.* at 18.) For the following reasons, I disagree.

Defendant's argument rests upon three non-binding, factually dissimilar cases from other circuits. (*See id.* at 18–22.) Two of these cases recite the rule that, "[a]n offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3rd Cir. 2004); *see also Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate."). The third case

adds the suggestion that, once a defendant has "offered [a plaintiff] all the damages due him . . . [the plaintiff] may not spurn this offer . . . and proceed to trial." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). *All* of these cases require that a settlement offer afford *complete relief* to a plaintiff in order to moot his or her claims. *See Weiss*, 385 F.3d at 340; *Rand*, 926 F.2d at 598; *Holstein*, 29 F.3d at 1147.

In the instant case, I find that Defendant's settlement offer could not have mooted Plaintiff's claim, even assuming that the Tenth Circuit would follow the rules articulated in these cases. On October 22, 2007, Defendant offered to pay Plaintiff's claimed *statutory* damages, but not her claimed *actual* damages. (*See* Def.'s Br., SOF ¶ H.) Consequently, I find that Defendant's offer could not have mooted Plaintiff's claim because it was not an offer of *complete relief*. *See Rand*, 926 F.2d at 598; *Holstein*, 29 F.3d at 1147; *Weiss*, 385 F.3d at 340 & n.5 (finding an offer of $1,000 plus costs and fees arguably sufficient to moot an FDCPA claim where the plaintiff did not allege actual damages).

In counseling against the above conclusion, Defendant suggests that its offer *was* an offer of complete relief because Plaintiff is incapable of proving emotional distress *as a matter of law*. (Def.'s Br. at 19; Def.'s Reply at 11.) I disagree. Even if I found that Plaintiff cannot prove emotional distress as a matter of law,[3] I still could not hold that Defendant's offer was consequently an offer of complete relief *at the time it was made*. Defendant has cited no law suggesting that a summary judgement determination may be predicated upon the retroactive

---

[3] I make no determination on this point as it is not necessary to my holding.

applicability of legal determinations first announced in the court's summary judgment ruling, and I find such a proposition tantamount to unabashed bootstrapping.

For the foregoing reasons, I find that Defendant has failed to prove Plaintiff's inability to recover both actual and statutory damages, and consequently hold that Defendant's motion for summary judgment on Plaintiff's FDCPA claim must be denied.

### b. *Defendant's Breach of Contract Counterclaim*

Defendant additionally claims that it is entitled to summary judgment on its own breach of contract counterclaim. (*See* Def.'s Br. at 20–21.) Specifically, Defendant argues that Plaintiff admitted default upon her debt to Apex, and asserts that it is the assignee of a resultant breach of contract claim accruing to Apex. (*See id.* at 20 [citing Compl. ¶¶ 10–11].) As proof of this latter contention, Defendant proffers Mr. Backal's affidavit testimony stating: "Apex assigned to [Defendant] the right to file a claim, counterclaim or lawsuit against Plaintiff to collect the amount due and owing [on Plaintiff's account to Apex]." (*See id.*, Ex. 4 ¶ 5 [Backal Decl.].) Plaintiff counters that "Defendant has failed to show any written evidence, other than an unsupported affidavit, that . . . Defendant is the legal assignee of said debt." (*See* Pl.'s Resp. at 3.)

Federal Rule of Civil Procedure 56(e)(1) states in relevant part that an affidavit supporting a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1) (2008). Moreover, this rule provides that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached or served with the affidavit." *Id*. The Tenth Circuit "has long held that 'conclusory allegations without specific

supporting facts have no probative value.'" *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1143 (quoting *Nichols v. Hurley*, 921 F.2d 1101, 1113 [10th Cir. 1990]).

In the instant case, I find that Mr. Backal's affidavit testimony regarding Apex's alleged assignment of its breach of contract claim to Defendant is without probative value because it contains no supporting facts. *See Fitzgerald*, 403 F.3d at 1143. Defendant neither appends a copy of any assignment instrument to Mr. Backal's affidavit, nor provides *any* factual basis on which to conclude that an oral assignment occurred. *See* Fed. R. Civ. P. 56(e)(1) (2008). Instead, Defendant's unelaborated contention that Apex "assigned to [Defendant] the right to file a claim, counterclaim or lawsuit against Plaintiff" reflects a pure legal conclusion without supporting facts. (*See* Def.'s Br., Ex. 4 ¶ 5 [Backal Decl.].) As such, I find that Defendant has failed to prove that it is the assignee of a breach of contract claim accruing to Apex, and thus that it has standing to bring Apex's claim. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000) (citing general doctrine that "the assignee of a claim has standing to assert the injury in fact suffered by the assignor").

For the foregoing reasons, I find that Defendant's motion for summary judgment on its breach of contract counterclaim must be denied.

### *3. Conclusion*

Based on the foregoing it is therefore ORDERED that:

1. DEFENDANT's motion for summary judgment (#39) is DENIED.

The court will hold a Final Pretrial Conference commencing at 11:00 o'clock a.m. on **May 15, 2008**, in Courtroom A201 of the Alfred A. Arraj United States Courthouse, 901 19th Street,

Denver, Colorado. In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/Documents/Judges/EWN/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/Documents/Judges/EWN/ewn_fin_pre_ord.wpd These specific web addresses should be used to insure that the proper format is observed.

Dated this 14th day of April 2008.

BY THE COURT:


s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge